Dear Mr. Harroun:
You have requested an opinion from this office concerning the suspension of court costs and fines by judges, and specifically as to whether:
 (1) A judge's authority to suspend court costs extends to Code of Criminal Procedure Article 887(C), (D) and (E), and LSA R.S. 13:1899(C);
 (2) A court may legally refund fines and court costs that were originally assessed to offenders of various and traffic violations, were collected, and then deposited into the appropriate account; and
 (3) Minutes of the court should reflect a suspension of costs?
Suspension of Court Costs
C.Cr.P. Art. 887(A) provides as follows:
 A. A defendant who is convicted of an offense or is the person owing a duty of support in a support proceeding shall be liable for all costs of the prosecution or proceeding, whether or not costs are assessed by the court, and such costs are recoverable by the party or parties who incurred the expense. However, such defendant or person shall not be liable for costs if acquitted or if the prosecution or proceeding is dismissed. In addition, any judge of a district court, parish court, city court, traffic court, juvenile court, or family court within the state shall be authorized to suspend court costs.
Art. 887(C) provides that, in addition to the costs provided in Subsection A (thereof), persons convicted of a violation of LSA-R.S. 14:98 or of any municipal or parochial ordinance defining the offense of operating a motor vehicle under the influence of alcohol or drugs shall be assessed additional costs for the use of equipment to perform drug analysis and for the performance of the analysis.
Subsection D (of Art. 887) further provides that in addition to the costs provided in Subsections A and C, additional costs shall be assessed for alcohol or drug-related offenses to defray the expenses of administering conditions of probation or incarceration. This subsection also requires the assessment of costs of any witness fees incurred. Subsection E assesses an additional two dollars ($2.00) as special costs to be used for the training of local law enforcement officers.
LSA-R.S. 13:1899(C) directs city court judges in criminal matters, to assess, as additional costs, the sum of ten dollars ($10.00) to be deposited in a special account in the name, and under the control, of the marshal or constable of the court. This cost is in addition to the costs established in Subsection A of 13:1899.
Previous opinions from this office suggest that judges have almost unlimited authority to suspend court costs. Atty. Gen. Op. No. 84-445 and 89-113. In those opinions, it was stated that the language of C.Cr.P. Art.887(A) extends to other statutes dealing with the assessment of court costs and fines.
An exception to this general rule of almost unlimited authority to suspend costs and fines is found in LSA-R.S. 46:18 D(1)(a). See also Atty. Gen. Op. No. 90-307.
Therefore, since C.Cr.P. Art. 887(C), (D) and (E), and LSA-R.S. 13:1899(C) do not limit a judge's discretion to waive court costs and fines, it is the opinion of this office that judges have the discretion to waive the fines and costs provided for in C.Cr.P. Art. 887(C), (D) and (E), and LSA-R.S.13:1899(C). C.Cr.P. Art. 887(A).
Refund of Fines and Court Costs
A number of articles of the Code of Criminal Procedure allow a sentence to be amended or otherwise changed by the trial or appellate courts. See C.Cr.P. Arts. 881, 881.1 — 881.5 and 882. Assuming the sentence (fine and/or penalty) is lawfully amended or changed, it is the opinion of this office that a refund of the total amount or a portion of the assessed fine or penalty, in conformity with the amended or changed sentence, would be proper. Such amendment or change should be noted in the minutes of the court.
Notation of Suspension of Costs in the Court Minutes
The Code of Criminal Procedure contains no general requirement for making or keeping minute entries. Minute entries are required by the Code of Criminal Procedure with regard to specific actions by the court; however, the suspension of costs in not one of the specific actions which are required to be noted in the court's minute entries, although such a notation would be a good practice.
Trusting this to be sufficient for your purposes, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb 1602o